UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ARIZONA WILSON, as Administrator of the estate of Leo Michael Cox,<br><br>Plaintiff,<br><br>v.<br><br>HIRSCHBACH MOTOR LINES, INC, and ANTHONY A. WILSON,<br><br>Defendants. | No. 6:14-CV-139-DLB-HAI<br><br>REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION TO REMAND [D.E. 9] |

*** *** *** ***

On July 9, 2014, Plaintiff filed a Motion to Remand to Knox Circuit Court. D.E. 9. Defendants responded in opposition to the Motion (D.E. 13), and Plaintiff elected not to reply. The Court held a telephonic conference on August 15, 2014, during which the parties presented argument regarding the Motion. D.E. 15. Therefore, the matter is ripe for decision. District Judge Bunning referred the Motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). D.E. 10. For the reasons set forth herein, the Court **HEREBY RECOMMENDS** that the Motion (D.E. 9) be **DENIED**.

## I. BACKGROUND

On April 1, 2014, Plaintiff Arizona Wilson filed a civil complaint in Knox Circuit Court (Action No. 14-CI-141) against Defendants Hirschbach Motor Lines, Inc. and Anthony A. Wilson. D.E. 1-1 ("Complaint"). Plaintiff claims to be the duly appointed administrator for the estate of Leo Michael Cox. *Id*. at 1. Defendant Anthony Wilson is alleged to have been a resident of Knox County, Kentucky, at all times relevant to the present action, and is alleged to

have been operating a commercial vehicle, owned by Defendant Hirschbach Motor Lines, which allegedly struck and killed Leo Michael Cox on August 10, 2013. *Id*. at 2. Plaintiff further alleges that the vehicle was operated negligently, carelessly, and recklessly by Defendant Wilson, and that his operation of the vehicle in such a manner "caused directly and proximately the wrongful death and injuries of Leo Michael Cox, including severe mental and physical pain and suffering, medical, funeral and burial expenses, and permanent destruction of the power to earn money." *Id*. Plaintiff seeks compensatory, punitive, and wrongful death damages. *Id*. at 2-3.

On June 13, 2014, Defendant Hirschbach Motor Lines ("Hirschbach") removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. D.E. 1. Hirschbach asserted that because Plaintiff made a written demand for $8,506,820.75, the amount in controversy is expected to exceed $75,000.00 as required by 28 U.S.C. § 1332(a). *Id*. at 2. Hirschbach also asserted that it was the only defendant "properly joined and served" under 28 U.S.C. § 1441(b) at the time of removal, and therefore complete diversity existed between the relevant parties to the lawsuit, again as required by § 1332(a). *Id*. Hirschbach asserted that it is deemed to be a citizen of Illinois and Iowa, as the state of its principal place of business and the state of its incorporation, respectively. *Id*. Finally, Hirschbach claimed that Anthony Wilson had not been served, was therefore not a party before the court, and that in any case he resides in Ohio rather than Kentucky and would thus not defeat diversity jurisdiction. *Id*.

On July 9, 2014, Plaintiff filed a Motion to Remand to Knox Circuit Court, Knox County, Kentucky. D.E. 9. Plaintiff contends that there is a lack of complete diversity between the parties, based on the belief that Plaintiff and Defendant Anthony Wilson both resided in Kentucky at the time this action was filed. *Id*.

## II. ANALYSIS

At the outset, the Court notes that Rule 7.1(a) of the Joint Local Rules of Civil Practice requires a motion to be accompanied by a supporting memorandum. LR 7.1(a). "Failure to file a supporting memorandum may be grounds for denying the motion." *Id*. Because Plaintiff has failed to file such a memorandum, Plaintiff has neither sufficiently identified the law applicable to the Motion nor described how the law applies to the facts. Denial on this basis alone is justified. However, the Court will consider the Motion on its merits.

### A. Applicable Law

On a motion for remand, the removing defendant bears the burden of establishing jurisdiction in federal court by a preponderance of the evidence. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Additionally, a federal court must strictly construe removal petitions, resolving all doubts against removal. *See Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 602 (E.D. Ky 2002). When faced with a motion to remand, the existence of diversity jurisdiction is properly determined at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). In other words, a court must look to "whether the action was properly removed in the first place." *Ahearn*, 100 F.3d at 453. Removal based on diversity jurisdiction is appropriate where "diversity of citizenship [exists] as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) (citing *Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 81 (1903)).

Diversity jurisdiction is established in federal court only when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008). Failure of a defendant to satisfy either of these requirements deprives a federal court of subject matter jurisdiction. *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009). "State citizenship for the purpose of the diversity requirements is equated with domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1071 (6th Cir. 1990). To establish domicile, one needs both "physical presence in a place" and "a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A defendant satisfies the intent prong with "either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citing *Gilbert v. David*, 235 U.S. 561, 569-70 (1915)).

**B. Discussion**

Plaintiff argues that this case should be remanded to Knox Circuit Court because "[it] is believed both the deceased Plaintiff, Leo Michael Cox, and the Defendant, Anthony A. Wilson, were domiciled in the State of Kentucky at the time this action was filed on April 1, 2014." D.E. 9 at 1. In support of this motion, Plaintiff's counsel has attached an affidavit which states that Defendant Anthony Wilson resided in Kentucky "through March 2014." D.E. 9-2 at ¶ 4. He further states that "[at] this time, the Defendant, Anthony A. Wilson, decided to go to Ohio to stay with some friends in search of employment." *Id*. at ¶ 5. Plaintiff's counsel states that "[it] is also believed" that Defendant Wilson's move was "for the purpose of evading service[,]" and that Defendant Anthony Wilson did not secure employment until "the middle or latter part of April, 2014." *Id*. at ¶¶ 6, 8. To support the argument that Defendant Wilson was domiciled in

Kentucky, Plaintiff's counsel asserts that as of July 9, 2014, Defendant Wilson still had a Kentucky commercial driver's license, had not obtained an Ohio driver's license, and had not changed his address with the United States Postal Service from his previous address in Corbin, Kentucky. *Id*. at ¶¶ 9, 10, 11; D.E. 9-3 at 1.

Defendants argue, by way of a joint response, that Defendant Wilson was not domiciled in Kentucky at the time the complaint was filed, and that Plaintiff's allegation that Defendant Wilson moved to Ohio to evade service is unfounded. D.E. 13 at 2. Defendants assert that Defendant Wilson moved to Ohio on March 21, 2014, applied for a job with Matsu Ohio, Inc., on March 24, 2014, and began full-time employment with Matsu "shortly thereafter." *Id*. at 4. Defendants have attached a Matsu Ohio, Inc., employment application dated March 24, 2014, (D.E. 13-3), as well as an affidavit of Defendant Anthony Wilson (D.E. 13-1). Defendant Wilson's affidavit states that he moved to Ohio in "March of 2014," with the "intention to leave Kentucky, move to Ohio permanently, and get a fresh start in Ohio." *Id*. at 1-2. He further states that he has not been back to Kentucky since moving to Ohio, and was unaware that he was going to be sued as a result of the incident that led to Plaintiff's complaint. *Id*. at 2.

Upon careful review of the facts, it appears that the parties do not dispute that Defendant Anthony Wilson was physically present in Ohio on April 1, 2014, or that he has remained there since that date. Further, Plaintiff has provided no case law or argument in support of the position that Defendant Wilson did not intend to remain in Ohio from that day forward. Though Plaintiff offers that Defendant Wilson retains his Kentucky commercial driver's license, this fact alone is not dispositive. Courts are to consider a number of factors in determining an individual's domicile: such as "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions,

fraternal organizations, churches, clubs and other associations; places of employment or business; driver's license and automobile registration; payment of taxes; and the location of one's spouse and family." *Stonestreet Farm, LLC v. Buckram Oak Holding, N.V.*, No. 06-388-KSF, 2007 WL 6995055, at *3 (E.D. Ky. Apr. 16, 2007) (citing a treatise and cases from seven other circuits). Given Defendant Wilson's affidavit describing an intent to remain in Ohio, residence in Ohio throughout the relevant period, and application for employment in Ohio prior to this action being filed, the Court finds, by a preponderance of the evidence, that Defendant Wilson was domiciled in, and a citizen of, Ohio both on April 1, 2014, and at the time of removal on June 13, 2014. Therefore, Defendants have satisfied their burden to establish the subject matter jurisdiction of this Court, and the Motion to Remand must fail.

Similarly, Plaintiff has provided no evidence that Defendant Wilson moved to Ohio to evade service, or that he was even aware, prior to moving to Ohio, that Plaintiff intended to file a complaint in this matter. Thus, this argument also fails.

### III. RECOMMENDATION

For the reasons set forth herein, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (D.E. 9) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 72(b) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. Failure to make timely objection, properly raised, consistent with the statute and Rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 22nd day of August, 2014.

Signed By:
Hanly A. Ingram
United States Magistrate Judge