UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 14-139-DLB-HAI

ARIZONA WILSON, AS ADMINISTRATOR OF THE ESTATE
OF LEO MICHAEL COX, INC.                                              PLAINTIFF

vs.                          **MEMORANDUM OPINION AND ORDER**

ANTHONY A. WILSON                                                     DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Arizona Wilson brings this personal injury claim on behalf of the Estate of Leo Michael Cox, who was killed at a truck stop in Iowa after being run over by a commercial tractor-trailer. The Court has already dismissed Defendant Hirschbach Motor Lines, Inc. ("Hirschbach") for lack of personal jurisdiction (Doc. # 33). Defendant Anthony Wilson ("Wilson") now moves for the same relief, arguing that his Kentucky activities did not give rise to the underlying claim, and therefore jurisdiction is not proper based on KRS § 454.210(2)(a) (Doc. # 36). Plaintiff opposes the motion on several grounds, none of which of the Court finds persuasive. Wilson's Motion will therefore be granted in full and the case will be **dismissed without prejudice**. The Court has subject matter jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441.

I.    **Factual and Procedural Background**

The Court will restate the facts and procedural background from its April 9, 2015 Memorandum Opinion and Order (the "First Order"):

1

### a. The Parties

Hirschbach is a trucking company incorporated in Iowa and having its principal place of business in Illinois. (Doc. # 27 at 2). Defendant Anthony Wilson ("Wilson") worked as a driver for Hirschbach, making deliveries across the country in a commercial semi-truck. (*Id.*) Although currently a resident of Ohio, Wilson lived in Kentucky when the accident in question took place. (*Id.* at 2, 7).[1]

Plaintiff Arizona Wilson is a resident of Kentucky and the administrator of the estate of Leo Michael Cox ("Cox"). (*Id.* at 2). Cox died as a result of being run over by Wilson's semi-truck on August 10, 2013. (*Id.* at 4-5). The accident occurred in Walcott, Iowa, and the truck was being operated by Wilson, who at the time was completing a delivery for Hirschbach. (*Id.*) Cox and Wilson were related as cousins. (*Id.* at 2).

### b. The Accident

In July 2013, Wilson asked Cox to accompany him on a delivery from Cresco, Iowa to Gastonia, North Carolina. (Doc. # 27 at 3). The trip would last approximately five (5) months and would not involve any deliveries to Kentucky. (*Id.*; Doc. # 24-2 at 1). Cox agreed and Wilson contacted Hirschbach to obtain the necessary paperwork. (*Id.*) Hirschbach sent a "Passenger Authorization Form" to Wilson in Kentucky, where he lived at the time. (*Id.*) The form provided insurance coverage for Cox and arranged for Wilson to pay for such coverage. (Doc. # 27-1). It also required Cox to release Hirschbach from any liability for death, injury or property damage that might occur as a result of the trip. (*Id.*) Both men completed the Passenger Authorization Form and Wilson returned it to Hirschbach via fax on July 24,

---

[1] Plaintiff filed a Motion to Remand for lack of diversity in the early stages of this case. (Doc. # 9). In denying that motion, the Court determined that Wilson had changed his domicile to Ohio in March 2014. (Doc. # 17 at 2) ("Wilson was indeed domiciled in Ohio, both on April 1, 2014, when the action was initially filed, and on June 13, 2014, when it was removed to this Court."). On August 18, 2015, shortly before this Memorandum Opinion and Order was entered, Wilson informed the Court that he had recently moved back to Kentucky. (Doc. # 42). Though the parties stipulated to this fact, (*see id.*), it is of no consequence to the Motion currently under review. Similar to the "time of filing rule" applicable to issues of subject matter jurisdiction, a defendant's domicile for purposes of personal jurisdiction is properly determined when the lawsuit is filed. *See Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) ("[T]he concept that federal jurisdiction attaches at the time when the action is commenced and cannot be ousted by later developments . . . is well established for subject matter jurisdiction . . . as well as for personal jurisdiction."). As noted above, Wilson was domiciled in Ohio when the action first commenced in Knox County, Kentucky. Accordingly, he is a nonresident for purposes of this Motion, regardless of the fact that he moved back to Kentucky sometime within the past few weeks.

2013. (*Id.*)

On the night of August 9, 2013, Wilson and Cox arrived at a truck stop in Walcott, Iowa. (Doc. # 27 at 4). After Wilson parked the truck, both men entered a nearby building and spent approximately one hour there before returning to the truck. (Doc. # 27 at 4). Cox became bored and eventually went back to the building. (*Id.*) Sometime later, Wilson noticed the vehicle parked in front of him turn on its lights and drive away. (*Id.*) Wilson then started his truck and began to move forward into the vacant parking space. (*Id.* at 4-5). Unfortunately, Cox had returned from the building and was sitting between the cab and the trailer of Wilson's truck. (*Id.*) The truck rolled forward onto Cox, who died as a result. (*Id.* at 5).

On April 1, 2014, Plaintiff sued Hirschbach and Wilson for negligence in the Knox Circuit Court, Knox County, Kentucky. (Doc. # 1-1). On June 13, 2014, Hirschbach removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. # 1 at 3). Plaintiff filed a motion to remand for lack of subject matter jurisdiction, but that motion was denied.[2] (Doc. # 17). The instant Motion to Dismiss for lack of personal jurisdiction followed. (Doc. # 24).

(Doc. # 33 at 1-3).

The Court granted Hirschbach's Motion to Dismiss, finding that Hirschbach's Kentucky activities did not give rise to Plaintiff's personal injury claim. (Doc. # 33). As a result, Wilson is the only defendant remaining in this case. He filed the instant Motion to Dismiss for lack of personal jurisdiction on May 4, 2015. (Doc. # 36). The Motion is fully briefed and therefore ripe for review. (Docs. # 39 and 40).

## II. Analysis

### A. Standard of Review

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the burden of demonstrating personal jurisdiction belongs to the plaintiff. *Serras*

---

[2] The Court held that complete diversity existed because defendant Anthony Wilson had changed his domicile to Ohio before the case was removed. (Doc. # 17).

*v. First Tenn. Bank Nat'l Assn.*, 875 F.2d 1212, 1214 (6th Cir. 1989). When the court rules without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In doing so, the plaintiff may not rely solely on the pleadings, "but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However, the court will view the pleadings and affidavits "in a light most favorable to the plaintiff," and will not "weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459. The purpose of this standard is "to prevent nonresident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* Therefore, dismissal is only proper if "the specific facts [alleged by the plaintiff] collectively fail to state a *prima face* case for jurisdiction." *Id.*

    **B.    Wilson's Motion to Dismiss**

        1.    <u>Jurisdiction Over a Nonresident Defendant in Kentucky</u>

Wilson is a nonresident defendant for purposes of determining personal jurisdiction. *See supra* note 1. "A federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant only to the extent that a court of the forum state could do so." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997). In Kentucky, long-arm jurisdiction is governed by a two-step process:

> First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then *in personam jurisdiction* may not be exercised. When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

4

*Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).[3]

With respect to step one, the nine subsections in KRS § 454.210(2)(a) each describe a generic scenario in which a Kentucky court may exercise jurisdiction over a nonresident defendant. The statute also provides that "[w]hen jurisdiction over a person is based solely upon this section, only a claim *arising from* acts enumerated in this section may be asserted against him." KRS § 454.210(2)(b) (emphasis added). Thus, a Kentucky court may not exercise jurisdiction "simply because [the non-resident defendant] has engaged in conduct or activity that fits within one or more subsections of KRS § 454.210(2)(a). The plaintiff must also show that his claim is one that arises from the conduct or activities described in the subsection." *Id.* at 55.

The requirement that a plaintiff's claim "arise from" the proffered statutory basis is discussed at length in *Caesars*. 336 S.W.3d at 58-59. There, a Kentucky resident sued an out-of-state casino after slipping on spilled butter at the casino's Indiana gambling boat. *Id.* at 53. The plaintiff filed her lawsuit in a Kentucky state court, and to establish jurisdiction, declared that the casino's Kentucky marketing efforts qualified as transacting business under KRS § 454.210(2)(a)(1). *Id.* at 58. The plaintiff further argued that these activities had given rise to her claim, as the advertisements are what caused her to visit the gambling boat in the first place. *Id.*

---

[3] Until 2011, Kentucky's long-arm statute was interpreted as reaching the outer limits of federal due process, thus collapsing the above two-step process into a single, constitutional inquiry. *Id.* In *Caesers*, the court restored the independent significance of Kentucky's long-arm statute, declaring that it must be satisfied as an "initial step." *Id.* Thus, if a plaintiff is unable to satisfy KRS § 454.210, the Court may not assert jurisdiction over the nonresident defendant, regardless of whether doing so would comport with federal due process.

The court agreed that the casino had transacted business based on its marketing activities in Kentucky, thereby satisfying one of KRS § 454.210(2)(a)'s enumerated categories. *Id.* However, in determining whether those actions gave rise to the plaintiff's claim, it stated the following:

> [T]he wrongful acts of the defendant alleged in the plaintiff's complaint must originate from the actions or activities that form the applicable statutory predicate for assertion of long-arm jurisdiction. Conversely, the statutory foundation for the assertion of long-arm jurisdiction must be the source of the plaintiff's cause of action. If there is a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm-jurisdiction, then jurisdiction is properly exercised.

*Id.* at 58-59. Applying these principles, the court held that jurisdiction was lacking. It rejected the plaintiff's "but for" reasoning and found that the casino's marketing efforts, as the proffered statutory basis, were "far too attenuated" to establish a reasonable and direct nexus to the wrongful acts alleged in the complaint. *Id.* The source of her injury was, the court explained, "the butter negligently left on the floor," and to find otherwise would "stretch[ ] the phrase 'arising from' beyond reasonable bounds." *Id.* at 58.

        2.    <u>Plaintiff's Claim Does Not Arise From Wilson's Kentucky Activities</u>

Plaintiff submits that the Court has personal jurisdiction over Wilson pursuant to Kentucky's long-arm statute. Specifically, she argues that Wilson transacted business under KRS § 454.210(2)(a)(1), and that those business activities gave rise to the instant claim. To advance this position, Plaintiff offers two separate theories. First, she points to the Passenger Authorization Form, which Wilson executed in Kentucky so that Cox could join him during the trip. (Doc. # 39 at 3). The Court finds that this act does qualify as transacting business for purposes of Kentucky's long-arm statute. However, Plaintiff must also show "a reasonable and direct nexus" between Wilson completing the form and Cox's

6

untimely death. This she cannot do. As explained in the Court's First Order, "the form merely contributed to Cox's presence at the truck stop on August 10, 2013. It had nothing to do with Wilson's allegedly negligent driving, and, at best, provides a 'but for' argument that Hirschbach's Kentucky activities were the source of Plaintiff's claim." (Doc. # 33 at 9). Pursuant to *Caesars*, the Court finds that such circumstances are far too attenuated to establish jurisdiction under Kentucky's long-arm statute. Therefore, Plaintiff's first theory is without merit.

Second, Plaintiff observes that Wilson lived in Kentucky when the accident occurred and also attended high school and truck driving school in Kentucky. (Doc. # 39 at 3). She insists, with no supporting analysis, that these facts "allow the court in personam jurisdiction as transacting business." (*Id.*) The Court need not address whether such activities qualify as transacting business under KRS § 454.210(2)(a)(1). Even if they did, the mere fact that Wilson lived in Kentucky and attended school there has absolutely nothing to do with the accident that occurred in Iowa. Again, jurisdiction would fail because there is no connection--much less a direct and reasonable nexus--between the injuries complained of and the supposed statutory basis.

### 3. Plaintiff's Remaining Arguments are Unavailing

Plaintiff also argues that jurisdiction is proper based on KRS § 454.210(2)(a)(3), thus suggesting that Wilson caused tortious injury by an act or omission within this Commonwealth. (*Id.*) To support her theory, Plaintiff tries to characterize Wilson's negligence as one continuous act, which began when the men first departed from Knox County, Kentucky. (*Id.*) This *post-hoc* attempt to redefine the allegations is not well-taken. According to the complaint, Plaintiff's claim is based solely on the unfortunate events of

August 10, 2013. (*See* Doc. # 1-1 at 2, ¶¶ 6-9). The complaint further states that both Wilson and Cox were located in Walcott, Iowa that day, not Kentucky, and the parties have consistently reiterated this fact in their filings with the Court. (*Id.*) Because the allegedly tortious conduct clearly took place outside this Commonwealth, Plaintiff's argument based on KRS § 454.210(2)(a)(3) is without any merit.

Finally, Plaintiff relies on *Conley v. Sousa* for support that Wilson is subject to jurisdiction in Kentucky. 554 S.W.2d 87 (Ky. 1977). Conley was injured in Kentucky when she was thrown from a horse she had rented from Sousa. *Id.* at 87. Sousa was a resident of Kentucky when the incident occurred, but moved to another state by the time the lawsuit was filed. *Id.* The sole issue on appeal was whether Kentucky's long-arm statute was "long enough to reach Sousa." *Id.* The court held that it was, construing the statute "to permit Kentucky courts to exercise in personam jurisdiction over persons who were residents of Kentucky when a claim arose and who became nonresidents prior to the filing of a suit against them." *Id.* at 89.

Plaintiff asserts that *Conley* requires the same outcome here. However, Plaintiff fundamentally misconstrues the court's holding. The Kentucky long-arm statute applies to persons who are deemed "nonresidents" of the Commonwealth. KRS § 454.210(1). *Conley* simply clarified that a defendant who was once a resident of Kentucky may still qualify as a "nonresident" so long as that person changed his or her domicile prior to the lawsuit being filed. As applied to this case, *Conley* only verifies that Wilson is subject to Kentucky's long-arm statute even though he was a resident of Knox County when the incident occurred. But just because one is *subject* to the statute does not mean that jurisdiction automatically exists, and *Conley* does not suggest otherwise. In order to

properly invoke long-arm jurisdiction in Kentucky, the plaintiff must show that the defendant engaged in an activity within one of the nine subsections of KRS § 454.210(2)(a), and that the alleged activity gave rise to the claim asserted. *Caesars*, 336 S.W.3d at 55. *Conley* is of no help in this regard, as the tortious activity in that case took place in Kentucky, and thus fit squarely within KRS § 454.210(2)(a)(3), whereas here the injuries occurred in Iowa. Accordingly, Plaintiff's reliance on *Conley* is highly misplaced.

### III.    Conclusion

The wrongful acts described in the complaint did not "arise from" any of Wilson's Kentucky activities. Morever, it is undisputed that the alleged negligence occurred only in Iowa. Because Plaintiff's remaining arguments also lack merit, she has failed to make a *prima facie* showing that personal jurisdiction is proper under Kentucky's long-arm statute. Having found as such, it is unnecessary for the Court to engage the federal due process inquiry. *Caesars*, 336 S.W.3d at 59.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)    Defendant Anthony Wilson's Motion to Dismiss (Doc. # 36) be, and is hereby **GRANTED**;

(2)    All claims against Defendant Anthony Wilson are hereby **DISMISSED WITHOUT PREJUDICE**;[4]

---

[4] As an alternative to granting Wilson's Motion to Dismiss, Plaintiff's response requests that the case be transferred to the U.S. District Court for the Northern District of Ohio. However, during the August 18, 2015 conference call, (Doc. # 42), Plaintiff explained that her request was based on the assumption that Wilson was still a resident of Ohio. Upon learning that Wilson had recently moved back to Kentucky, Plaintiff informed the Court that she no longer sought a transfer to the Northern District of Ohio. Accordingly, the Court did not address this aspect of Plaintiff's response.

(3) This matter is **STRICKEN** from the Court's active docket.

This 25th day of August, 2015.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\London\14-139 MOO granting DE 36.wpd

---

In any event, having granted Hirschbach's Motion to Dismiss, the Court reminds Plaintiff of her right to re-file this action in a Kentucky state court within 90 days of this Order, even if the statute of limitations would otherwise be expired. See KRS § 413.270(1).